

# IN THE
# TENTH COURT OF APPEALS

No. 10-16-00175-CR
No. 10-16-00176-CR
No. 10-16-00177-CR

**TONJIA SCARBOROUGH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 87th District Court
### Freestone County, Texas
### Trial Court Nos. 15-122-CR, 15-123-CR, 15-124-CR

---

## MEMORANDUM OPINION

---

In appellate cause numbers 10-16-00175-CR, 10-16-00176-CR, and 10-16-00177-CR, appellant, Tonjia Scarborough, was charged by indictment with driving while intoxicated, a third offense or more. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West Supp. 2016). Pursuant to a plea agreement with the State, appellant pleaded guilty to the charged offense in each appellate cause number. Additionally, appellant pleaded "true"

to the enhancement paragraphs in the indictment in each appellate cause number. The case proceeded to trial on punishment.

At the conclusion of the punishment phase, the trial court assessed punishment at eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice in each case. The trial court also ordered that the imposed sentences run concurrently. Thereafter, the trial court certified appellant's right to appeal the punishment phase only in each of the appellate cause numbers. These appeals followed.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed briefs and motions to withdraw in each case with this Court, stating that his review of the record yielded no grounds of error upon which appeals can be predicated. Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgments. In each appellate cause number, counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed her of her right to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response in any of these cases.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's briefs and have found nothing that would arguably support an appeal in

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In his transmittal letter to appellant, appellate counsel indicated that he provided appellant with a copy of the Reporter's and Clerk's record in these cases. Accordingly, we have fair assurance that appellant has had sufficient access to the record to assist in filing a pro se response, though no response has been filed. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

any of the appellate cause numbers. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in these cases. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise her of her right to file a petition for discretionary review in each appellate cause

number.[3]  *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 12, 2016
Do not publish
[CR25]



---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.